UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REFKI KASTRATI,<br><br>        Plaintiff,<br><br>-against-<br><br>PROGRESS OF PEOPLE MANAGEMENT CORP; GLORIA MITCHEL; JEANMARIE; TIM HURLEY; HR DEPARTMENT<br><br>        Defendants. | Case No.: 18 Civ. 6731<br><br>**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT</u>** |

    Defendants Progress of Peoples Management Corp. ("POP Management"), Gloria Mitchell, Tim Hurley, Jeanmarie Brusati and POP Management's Human Resources Department (collectively, "Defendants") by and through their undersigned attorneys, Jackson Lewis P.C., for their Answer and Affirmative and Other Defenses to Plaintiff's Complaint ("Complaint"), respond and plead as follows:

**<u>AS TO "I. PARTIES IN THIS COMPLAINT"</u>**

    1.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "I-A" of Plaintiff's Complaint.

    2.  Defendants deny each and every allegation set forth in Paragraph "I-B" of Plaintiff's Complaint, except admit that POP Management maintains a business address at 191 Joralemon Street, Brooklyn, New York 11201, and aver that Ms. Mitchell is employed as a Regional Property Manager for POP Management and Ms. Brusati is a Social Service Coordinator at the Mary Star of Sea Apartments.

3. Defendants deny each and every allegation set forth in Paragraph "I-C" of Plaintiff's Complaint, except admit that POP Management maintains a business address at 191 Joralemon Street, Brooklyn, New York 11201 and that POP Management employed Plaintiff for a period of time.

## AS TO "II. BASIS FOR JURISDICTION"

4. Defendants deny each and every allegation set forth in Paragraph "II" of Plaintiff's Complaint, except aver that Plaintiff alleges this Court has jurisdiction over this action and Plaintiff alleges this Complaint is brought under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.

## AS TO "III. STATEMENT OF CLAIM"

5. Defendants deny each and every allegation set forth in Paragraph "III-A" of Plaintiff's Complaint except admit Plaintiff alleges he was subjected to discriminatory conduct.

6. Defendants deny each and every allegation set forth in Paragraph "III-D" of Plaintiff's Complaint except admit Plaintiff alleges he has a kidney disability and was receiving dialysis treatment.

7. As to Plaintiff's Additional Facts for "Paragraph III-E," Defendants state as follows:

    a. Defendants deny each and every allegation set forth in the first paragraph of Plaintiff's Additional Fact Section (ECF page 7), except aver that Plaintiff worked for POP Management as a superintendent for the Mary Star of Sea Apartments in Carroll Gardens, Brooklyn from September 2012 through December 2017 and that Plaintiff's regularly

scheduled work hours were 7:00 AM to 3:00 PM on Monday, Tuesday, Wednesday, Saturday, and Sunday.

    b.  Defendants deny each and every allegation set forth in the second paragraph of Plaintiff's Additional Fact Section (ECF pages 7-8, second full paragraph) except aver that Plaintiff sent his son to open the door for a tenant in August 2017.

    c.  Defendants deny each and every allegation set forth in the third paragraph of Plaintiff's Additional Fact Section (ECF page 8, first full paragraph), except aver that Plaintiff interviewed with Tom Catlaw and possibly Craig Newby.

    d.  Defendants deny each and every allegation set forth in the fourth paragraph of Plaintiff's Additional Fact Section (ECF page 9, first full paragraph), except aver that on July 18, 2017, Ms. Mitchell gave Plaintiff a documented Verbal Warning, and refer the Court to **Exhibit "A"** of Plaintiff's Complaint referenced therein for its true and correct content.

    e.  Defendants deny each and every allegation set forth in the fifth paragraph of Plaintiff's Additional Fact Section (ECF page 9, second full paragraph), except aver that on September 12, 2017, Ms. Mitchell gave Plaintiff a Final Written Warning, and refer the Court to **Exhibit "B"** of Plaintiff's Complaint therein for its true and correct content.

    f.  Defendants deny each and every allegation set forth in the sixth paragraph of Plaintiff's Additional Fact Section (ECF page 9, third full paragraph).

    g.  Defendants deny each and every allegation set forth in the seventh paragraph of Plaintiff's Additional Fact Section (ECF page 9, fourth full paragraph).

    h.  Defendants deny each and every allegation set forth in the eighth paragraph of Plaintiff's Additional Fact Section (ECF pages 9-10, fifth full paragraph), except

aver that, while Plaintiff was on vacation, he sent his wife and son to assist a tenant's aide who was stuck in an elevator, and further aver that Ms. Mitchell asked Plaintiff why he did not report the incident, to which Plaintiff responded that he was "on [his] vacation."

    i.  Defendants deny each and every allegation set forth in the ninth paragraph of Plaintiff's Additional Fact Section (ECF page 10, first full paragraph).

    j.  Defendants deny each and every allegation set forth in the tenth paragraph of Plaintiff's Additional Fact Section (ECF pages 10-11, second full paragraph), except aver that Plaintiff used the gas meter room to store items.

    k.  Defendants deny each and every allegation set forth in the eleventh paragraph of Plaintiff's Additional Fact Section (ECF page 11, first full paragraph), except aver that on or about November 8, 2017, Ms. Mitchell called Plaintiff into her office to discuss why the back gate was left open that morning and where he had been at that time, that Plaintiff informed Ms. Mitchell that he was in the basement, then on the roof, then on the staircase inspecting lights, and that Ms. Mitchell sent an e-mail to Human Resources documenting this incident, and refer the Court to **Exhibit "G"** of Plaintiff's Complaint referenced therein for its true and correct content. Defendants further aver that John Belfon, a porter for the apartment building, wrote a statement regarding the incident and refer the Court to **Exhibit "H"** of Plaintiff's Complaint referenced therein for its true and correct content. Defendants further aver that on or about November 9, 2017, Plaintiff submitted a request for FMLA leave on an intermittent basis for dialysis treatment and refer the Court to **Exhibit "E"** of Plaintiff's Complaint referenced therein for its true and accurate content. Finally, Defendants aver that on November 14, 2017, POP Management's Human Resources department issued Plaintiff an

FMLA Designation Notice and a Notice of Eligibility and Rights & Responsibilities in which his request for intermittent FMLA leave was approved, and refer the Court to **Exhibit "I"** of Plaintiff's Complaint referenced therein for its true and accurate content.

l. Defendants deny each and every allegation set forth in the twelfth paragraph of Plaintiff's Additional Fact Section (ECF pages 11-12, second full paragraph), except aver that on or about November 29, 2017, Mr. Hurley visited the Mary Star of Sea Apartments and took a picture of Plaintiff's scooter.

m. Defendants deny each and every allegation set forth in the thirteenth paragraph of Plaintiff's Additional Fact Section (ECF page 12, first full paragraph), except deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding whether a tenant was locked out and/or the length of Plaintiff's alleged dialysis treatment session.

n. Defendants deny each and every allegation set forth in the fourteenth paragraph of Plaintiff's Additional Fact Section (ECF pages 12-13, second full paragraph), except aver that on or about December 11, 2017, Ms. Mitchell and a security director met with Plaintiff to inform him that his employment was terminated and that he had five days to vacate the apartment, and refer the Court to **Exhibit "K"** of Plaintiff's Complaint referenced therein for its true and accurate content.

o. Defendants deny each and every allegation set forth in the fifteenth paragraph of Plaintiff's Additional Fact Section (ECF page 13, first full paragraph) and refer the Court to **Exhibits "K" and "L"** of Plaintiff's Complaint referenced therein for their true and accurate content.

p. Defendants deny each and every allegation set forth in the sixteenth paragraph of Plaintiff's Additional Fact Section (ECF page 13, second full paragraph), except aver that various items were kept in the gas meter room at the Mary Star of Sea Apartments at various times during Plaintiff's employment.

q. Defendants deny each and every allegation set forth in the seventeenth paragraph of Plaintiff's Additional Fact Section. (ECF pages 13-14, third full paragraph).

r. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the eighteenth paragraph of Plaintiff's Additional Fact Section (ECF page 14, first full paragraph), except aver that Plaintiff requested more time to move from the apartment and that Plaintiff was given an additional five weeks (i.e., until January 20, 2018) to vacate the apartment.

s. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the nineteenth paragraph of Plaintiff's Additional Fact Section (ECF page 14, second full paragraph), and refer the Court to **Exhibit "P"** of Plaintiff's Complaint referenced therein for its true and accurate content.

t. Defendants deny each and every allegation set forth in the twentieth paragraph of Plaintiff's Additional Fact Section (ECF pages 14-15, third full paragraph), except aver that Plaintiff's initial application for unemployment insurance benefits was denied and refer the Court to **Exhibit "Q"** referenced therein for its true and accurate content. Defendants further aver that a hearing was held before Administrative Law Judge Diane

Dubiac and Plaintiff was granted unemployment insurance benefits, and further refer the Court to **Exhibit "R"** referenced therein for its true and accurate content.

    u. Defendants deny each and every allegation set forth in the twenty-first paragraph of Plaintiff's Additional Fact Section (ECF page 15, first full paragraph) and refer the Court to **Exhibit "S"** of Plaintiff's Complaint referenced therein for its true and accurate content.

    v. Defendants deny each and every allegation set forth in the twenty-second paragraph of Plaintiff's Additional Fact Section (ECF pages 15-16, second full paragraph), and refer the Court to **Exhibit "T"** of Plaintiff's Complaint referenced therein for its true and accurate content.

    w. Defendants deny each and every allegation set forth in the twenty-third paragraph of Plaintiff's Additional Fact Section (ECF page 16, first full paragraph), and refer the Court to **Exhibit "S"** of Plaintiff's Complaint referenced therein for its true and accurate content.

    x. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-fourth paragraph of Plaintiff's Additional Fact Section (ECF page 16, second full paragraph).

    y. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-fifth paragraph of Plaintiff's Additional Fact Section (ECF pages 16-17, third full paragraph).

z. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-sixth paragraph of Plaintiff's Additional Fact Section (ECF pages 17-18, first full paragraph).

aa. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-seventh paragraph of Plaintiff's Additional Fact Section (ECF page 18, first full paragraph).

bb. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-eighth paragraph of Plaintiff's Additional Fact Section (ECF page 19, first full paragraph).

cc. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the twenty-ninth paragraph of Plaintiff's Additional Fact Section (ECF page 19, second full paragraph), except deny Plaintiff's allegation that he had pressure from Ms. Mitchell.

dd. Defendants deny each and every allegation set forth in the thirtieth paragraph of Plaintiff's Additional Fact Section (ECF pages 19-20, third full paragraph).

ee. Defendants deny each and every allegation set forth in the thirty-first paragraph of Plaintiff's Additional Fact Section (ECF page 20, first full paragraph), except deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's wife's education and employment history.

ff. Defendants admit that the "VIOLATIONS OF LAW" section of Additional Fact Section (ECF page 21) purports to assert violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the New

York State Human Rights Law ("NYSHRL"), but except so admitted, deny that Plaintiff has stated a claim and deny that Plaintiff is entitled to any relief. Furthermore, no response is required as to Plaintiff's failure to accommodate and retaliation claims under the ADA and the NYSHRL, as well as Plaintiff's Title VII claim, as these causes of action were dismissed pursuant to the Court's November 24, 2020 Memorandum and Order. To the extent a response is required, Defendants deny the allegations contained therein.

## AS TO "IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES"

8. Defendants admit the EEOC issued a Notice of Right to Sue letter as set forth in Paragraph "V-B" of Plaintiff's Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding when Plaintiff received said notice.

## AS TO "V. RELIEF"

9. Defendants deny each and every allegation set forth in Paragraph "V" of Plaintiff's Complaint.

10. Defendants deny all claims and allegations in Plaintiff's Complaint not unequivocally admitted herein.

# AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR A FIRST DEFENSE

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Defendants.

## AS AND FOR A SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, because any qualification standards imposed by Defendants are job-related and consistent with business necessity.

## AS AND FOR A THIRD DEFENSE

3. Plaintiff's Complaint should be dismissed, in its entirety and with prejudice, because, at all times relevant hereto, Defendants acted reasonably and in good faith toward Plaintiff and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations, code, constitution, guidelines or common law, and did not retaliate against Plaintiff for any complaints of discrimination or harassment in the workplace.

## AS AND FOR A FOURTH DEFENSE

4. Plaintiff's discrimination claims are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any discriminatory and/or harassing behavior and Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

### AS AND FOR A FIFTH DEFENSE

5. Each and every action taken by Defendants was taken for a legitimate non-discriminatory, non-retaliatory business reason(s) and would have been taken regardless of Plaintiff's alleged disability or perceived disability, color, age, sex or engagement in any allegedly protected activity.

### AS AND FOR AN SIXTH DEFENSE

6. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants.

### AS AND FOR A SEVENTH DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his damages by, among other things, using reasonable diligence to seek comparable employment elsewhere.

### AS AND FOR AN EIGHTH DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

### AS AND FOR A NINTH DEFENSE

9. Plaintiff cannot recover punitive damages because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

### AS AND FOR A TENTH DEFENSE

**10.** Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### AS AND FOR AN ELEVENTH DEFENSE

11. At all relevant times, Defendants acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights which may be secured to Plaintiff under any federal, state, city, or local laws, rules, regulations, codes, guidelines or common law.

### AS AND FOR A TWELFTH DEFENSE

12. Individual Defendants Gloria Mitchell, Tim Hurley and Jeanmarie Brusati were not Plaintiff's employer and, therefore, are not liable to Plaintiff under applicable law, nor can Plaintiff circumvent authority precluding liability as Plaintiff's employer by seeking to hold them liable as aiders and abettors. Furthermore, to the extent Plaintiff purports to assert claims against the individually-named Defendants under the ADA, all claims must be dismissed since individuals cannot be held liable under the ADA as a matter of law.

### AS AND FOR A THIRTEENTH DEFENSE

13. Defendants' alleged conduct, even if it occurred, was not severe or pervasive and/or amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request that the Court:

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Deny each demand and prayer for relief contained in the Complaint;

(c) Enter judgment in favor of Defendants and against Plaintiff;

(d) Award Defendants their attorneys' fees and costs, incurred in defending against this meritless action; and

(e) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: December 17, 2020     By:     */s/ Ravindra K. Shaw*
       New York, New York                    Ravindra K. Shaw
                                                    Catherine R. Tucciarello

                                                    ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on or about December 17, 2020 a true and correct copy of the foregoing Defendants' Answer and Affirmative and Other Defenses to Plaintiff's Complaint was served on Plaintiff Refki Kastrati, by e-mail and by placing said document in a properly addressed envelope, sufficient postage affixed, and causing it to be sent via certified mail to Plaintiff at the following address:

        Refki Kastrati
        297 Clinton Street, 1st Floor
        New Britain, CT 06053

        */s/ Ravindra K. Shaw*
        Ravindra K. Shaw

4840-5447-1298, v. 3