UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
REFKI KASTRATI,

                Plaintiff,                                                **ORDER**
                                                                       **18 CV 6731 (LDH)(LB)**

   -against-

PROGRESS OF PEOPLES MANAGEMENT CORP.,
GLORIA MITCHEL, JEANMARIE, *a Social Worker*,
TIM HURLEY, HR DEPARTMENT, *John/Jane Doe*,

                Defendants.
----------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       The Court held a telephone conference in *pro se* plaintiff's employment action on May 19, 2021. As discussed on the record, the Court shall make a diligent effort to find plaintiff *pro bono* counsel for the limited purpose of conducting depositions in this action. Plaintiff is advised that there is no right to counsel in a civil case and the Court cannot require an attorney to take a civil case without a fee. Rather, the Court can only request that an attorney volunteer to provide a civil litigant *pro bono* representation. Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296 (1989). Plaintiff shall cooperate with any *pro bono* counsel and timely appear for any scheduled meetings.

       In this *pro se* employment discrimination action, plaintiff and defendant shall make the following disclosures:

       DEFENDANTS' OBLIGATIONS

       No later than thirty (30) days from the date of this order, defendants shall provide plaintiff a Bates stamped copy of all plaintiff's personnel records. Defendants shall bear the cost of photocopying such documents.

       "Personnel records" refers to any document or record in any form whatsoever in the possession, custody or control of defendant that is used, has been used, or may be used relative to

plaintiff's qualifications for employment, promotion, transfer, compensation or disciplinary action. A personnel record also includes any document or record in any form whatsoever in the possession, custody or control of a person, corporation, partnership or other entity that keeps or supplies a personnel record for defendant. Without limiting the foregoing, all of the following documents constitute part of the personnel records and shall be produced by defendants:

> (1) plaintiff's job application;
>
> (2) plaintiff's resume or other form of employment inquiry to defendants;
>
> (3) defendants' offer of employment, promotion or transfer to plaintiff;
>
> (4) plaintiff's performance evaluations;
>
> (5) records reflecting any disciplinary action taken against plaintiff;
>
> (6) awards or other documents containing commendations for plaintiff;
>
> (7) waivers or other written agreements between defendants and plaintiff; and
>
> (8) termination notices.

Defendants shall provide the following information in the form of a response to an interrogatory pursuant to Rule 33 of the Federal Rules of Civil Procedure, to the extent such information is not contained in the personnel records:

> (1) plaintiff's job title and description;
>
> (2) plaintiff's compensation, including the amount of plaintiff's base salary and/or rate of pay and a description of all fringe benefits plaintiff receives or received as an employee of defendants;
>
> (3) the starting date and termination date of plaintiff's employment; and
>
> (4) the legitimate non-discriminatory reason(s) defendant claims motivated the adverse action(s) taken against plaintiff that is/are the subject of plaintiff's complaint and any supporting documents, reports, memos, evaluations.

PLAINTIFF'S OBLIGATIONS

Defendants shall serve their limited discovery requests on plaintiff and plaintiff shall serve his responses to those requests on defendant. Plaintiff must answer the questions asked to the best of his knowledge and under penalty of perjury. Plaintiff shall produce copies of any documents, or relevant portions thereof, which may be used at trial to support his claim of discrimination.

JOINT OBLIGATIONS

A party who withholds any documents on a claim of privilege shall supply all information required pursuant to Local Rule 26.2 simultaneously with the production of all other personnel records. Nothing in this order shall prohibit either party from conducting additional discovery as permitted by the Federal Rules of Civil Procedure upon the completion of this exchange and a conference with the Court.

The Court shall hold a telephone status conference in this case on June 30, 2021 at 11:30 a.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 11:30 a.m. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference.

SO ORDERED.

                                                                         /S/
                                                             LOIS BLOOM
                                                             United States Magistrate Judge

Dated: May 20, 2021
       Brooklyn, New York